Filed 8/27/24  In re D.V. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re D.V. et al., Persons Coming Under the Juvenile Court Law. | B329252 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>VERONICA L.,<br><br>        Defendant and Appellant. | Los Angeles County Super. Ct. No. 22CCJP04032A–C |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Pete R. Navarro, Juvenile Court Referee.  Dismissed.

David M. Thompson, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Kelly G. Emling, Deputy County Counsel for Plaintiff and Respondent.

————————————

Veronica L. (Mother) challenges the sufficiency of the evidence to support the juvenile court's jurisdictional findings on a Welfare and Institutions Code[1] section 300 petition concerning her three children. We dismiss the appeal as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

Mother and her three children, D.V., J.R., and D.R., lived with the father of two of the children, two of Mother's adult daughters, and the partner and children of one of the adult daughters. In July 2022, Mother's adult son overdosed and died at the home. Investigation revealed that one of the adult daughters living in the home, Ashley L., was abusing fentanyl. Fentanyl pills were found in the home within reach of the children. Mother admitted knowing of her adult children's drug and alcohol abuse. On October 13, 2022, the Los Angeles County Department of Children and Family Services (DCFS) filed a petition alleging the three minor children were subject to juvenile court jurisdiction under section 300, subdivision (b)(1).

At the jurisdictional and dispositional hearing in May 2023, Mother asked the court to dismiss the petition because Ashley no longer lived at her house, so the children were no longer at risk of harm. The juvenile court amended and sustained the petition, finding fentanyl pills were accessible to the children in the home and that Mother knew that her adult children were fentanyl abusers but allowed them to live in the residence and have unlimited access to the children, putting the children's physical health and safety at risk of serious harm. Pursuant to section 360, subdivision (b), the court did not declare the children

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

dependents; it ordered DCFS supervision of the family. Mother appeals.

## DISCUSSION

Mother argues insufficient evidence supported the court's May 2023 finding that the children were described by section 300, subdivision (b)(1). However, in June 2023, approximately six weeks after the court made the challenged finding, DCFS filed two subsequent dependency petitions, one pursuant to section 360, subdivision (c) which alleged the previous disposition had been ineffective in ameliorating the situation requiring child welfare services, and the other a subsequent petition pursuant to section 342 containing new jurisdictional allegations.[2]

In August 2023, the court sustained four allegations in the section 342 petition, sustained the section 360, subdivision (c) petition, and declared the children dependents of the juvenile court. Finding removal unnecessary to protect the children, the court ordered family maintenance services. Subsequently, by orders made in February and March 2024, the juvenile court terminated dependency jurisdiction over the children.

---

[2] We grant County Counsel's request to take judicial notice of the section 360, subdivision (c) petition, the section 342 supplemental petition as filed and as amended, and the juvenile court's minute orders dated June 23, 2023, August 23, 2023, February 22, 2024, and March 6, 2024. (Evid. Code, §§ 452, 459, subd. (a); *In re M.B.* (2022) 80 Cal.App.5th 617, 627 ["postjudgment evidence may, in appropriate cases, be considered to determine whether an issue on appeal is moot"].) We take judicial notice of Exhibit 2 only to the extent that it indicates D.V. was briefly detained from Mother in June 2023; the remainder of the exhibit is unnecessary for the resolution of the appeal.

DCFS contends these subsequent events render the appeal moot, and we agree.  Even if the juvenile court erred in its original jurisdictional finding, there would be no effective relief for us to grant because additional jurisdictional allegations were subsequently sustained, the children were placed with Mother and/or both parents, and dependency jurisdiction has since been terminated.  (*In re D.P.* (2023) 14 Cal.5th 266, 276 [case is moot when events render it impossible for a court, if deciding the case in the appellant's favor, to grant effective relief].)  While we are aware of our discretionary authority to consider the merits of moot appeals, Mother has neither requested discretionary review nor established good cause.  We find no reason to exercise our discretion here.

## DISPOSITION

The appeal is dismissed as moot.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

WILEY, J.

VIRAMONTES, J.

4